1  Stephen Shaiken, Esq.  Bar No. 90915
   LAW OFFICES OF STEPHEN SHAIKEN
2  170 Columbus Avenue, Suite 100
   San Francisco, CA 94133-5102
3  Telephone: (415) 248-1012
   Fax: (415) 248-0019
4
   Attorney for Petitioner Victor Saravia
5
                      UNITED STATES DISTRICT COURT
6
                    NORTHERN DISTRICT OF CALIFORNIA
7
                            SAN FRANCISCO
8
                                    )
9  Victor Saravia,                  )        District Ct. No.:
                    Petitioner,      )        Agency No.: A17 266 808
10        vs.                        )
   Nancy Alcantar, Field Office Director, )   **PETITION FOR**
11 United States Immigration and    )        **WRIT OF HABEAS CORPUS**
     Customs Services (USICE),       )
12   Julie L. Myers, Assistant Secretary )   **[28 U.S.C. §2241]**
   and Michael Chertoff, Secretary,  )
13   Department of Homeland Security )
                                    )
14                  Respondents      )
                                    )
15
16 **TO THE ABOVE ENTITLED COURT AND TO RESPONDENTS:**

      **PLEASE TAKE NOTICE** that petitioner, Victor Saravia  hereby petitions this Court for a writ
17
   of habeas corpus, staying his deportation by respondents, in whose custody he is now in.  Petitioner is a
18
   citizen and national of Honduras and a lawful permanent resident of the United States since 1966, when
19
   he was one year old. Petitioner was convicted by jury  in 1988 of drug charges and was sentenced to serve
20
   five years and eight months in state prison, of which he served approximately three years.  Upon his
21
   release  from  prison,  he  was  placed  into  deportation  proceedings  by  the  former  Immigration  and
22
   Nationality Service (INS) and he filed an application for relief under former section 212( c ) of the
23
   Immigration and Nationality Act (The Act) , for which he was eligible as he had been a lawful permanent
24
   resident for more than seven years. In 1992, while his application was pending, he was convicted by plea
25
   to new drug charges and was sentenced to a term of six years and four months in state prison, of which
26
   he served approximately half.  Upon his release from prison he resumed his deportation case, and the
27
28                                           1

immigration judge (IJ) found that he was deportable and not eligible for relief under former section 212(c) of the Act because he had served more than five years in prison and this precluded him from that relief. Petitioner argued that the portion of the sentence in the second case which was an enhancement for the prior drug conviction did not count as part of the five years. He litigated this through the U.S. Supreme Court but was unsuccessful; certiorari was denied in May, 2008, and he was subsequently ordered to appear for deportation on July 28, 2008. He surrendered and is currently in the custody of ICE awaiting deportation to Honduras. Deportation is imminent as he is under a final order.

Petitioner filed a writ of error coram nobis in the state court seeking to vacate his 1992 plea. The petition was denied without prejudice to renew once the issues governing the court's authority are decided by the California Supreme court, before whom the issue is pending.

ICE denied a stay of deportation and there are no other remedies available to petitioner.

This petition is supported by the attached verified petition for writ of habeas corpus , the attached memorandum of points and authorities, the attached exhibits, and such evidence as may be adduced during these proceedings.

Dated: August 4, 2008  at San Francisco, California

Respectfully submitted,

LAW OFFICES OF STEPHEN SHAIKEN

By        s/shaiken
                    Stephen Shaiken

2

1 | Stephen Shaiken, Esq.  Bar No. 90915
  | LAW OFFICES OF STEPHEN SHAIKEN
2 | 170 Columbus Avenue, Suite 100
  | San Francisco, CA 94133-5102
3 | Telephone: (415) 248-1012
  | Fax: (415) 248-0019
4 |
  | Attorney for Petitioner Victor Saravia
5 |
  |                    UNITED STATES DISTRICT COURT
6 |
  |                    NORTHERN DISTRICT OF CALIFORNIA
7 |
  |                             SAN FRANCISCO
8 |
9 | In re                                    )
  | Victor Saravia                           )          District Ct. No.:
10 |                    Petitioner,           )          Agency No. A17-266 808
  |              vs.                          )
11 | Nancy Alcantar, Field Office Director,   )      **VERIFIED PETITION FOR**
  | United States  Immigration & Customs      )      **WRIT OF MANDATE**
12 | Enforcement; Julie L. Meyers, Assistant  )
  | Secretary, and Michael                    )      **[28 U.S.C. §2241]]**
13 | Chertoff, Secretary, Department of        )
  | Homeland Security,                        )
14 |                    Respondents           )
  |                                           )
15 |                                           )
  |                                           )
16 |
17 |        Comes now the petitioner, Victor Saravia, who alleges as follows:
18 |                                   **I**
19 |         Petitioner was convicted by jury trial in 1988 of drug charges and was sentence to serve five years
20 | and eight months in state prison, of which he served approximately the years.  Upon his release from
21 | prison, he was placed into deportation proceedings by the former Immigration and Nationality Service
22 | (INS) and he filed an application for rleif under former section 212( c ) of the Immigration and
23 | Nationality Act (The Act) , for which he was eligible as he had been a lawful permanent resident for more
24 | than seven years. In 1992, while his application was pending, he was convicted by plea to new drug
25 | charges and was sentence to a term of six years and four months in state prison, of which he served
26 | approximately half.  Upon is release from prison he resumed his deportation case, and the immigration
27 | judge (relief) found that he was deportable and not eligible for relief under former section 212( c ) of the
28 |                                    3

1  Act because he had served more than five years in prison and this precluded him from that relief.

2  Petitioner argued that the portion of the sentence in the second case which was an enhancement for a prior

3  drug conviction did not count as part of the five years. He litigated this through the U.S. Supreme court

4  but was unsuccessful; certiorari was denied on May 21, 2008, and he was subsequently ordered to appear

5  for deportation on July b28, 2008. He surrendered and is currently in the custody of ICE awaiting

6  deportation to Honduras. Deportation is imminent as he is under a final order.

7      Petitioner filed a writ of error coram nobis in the sate court seeking to vacate his 1992 plea. The

8  court denied was denied without prejudice to renew once the issues governing the court's authority are

9  decided by the California Supreme court, before whom the issue is pending.

10      ICE denied a stay of deportation and there are no other the r remedies available to petitioner.

11      Petitioner had been detained by respondents in the Yuba County Jail in Marysville, California,

12  but this day was transferor to ICE offices in San Francisco, upon information and belief, in order to be

13  deported.

14                                         **II**

15      Respondent Alcantar is the Field Office Director of the San Francisco office of USICE, a division

16  of the Department of Homeland Security (DHS) and as such, has the exclusive jurisdiction in the

17  Northern District of California to place and remove detainers and holds and to set release conditions for

18  aliens such as petitioner who are under a final order of deportation but cannot be deported.

19                                         **III**

20      Respondent Michael Chertoff is the Secretary of Homeland Security, and in that capacity, is the

21  ultimate authority within the Department of Homeland Security (DHS).  DHS, through its subagencies,

22  adjudicates applications for visas and citizenship, enforces removal orders, and arrests aliens who are

23  unlawfully within the United States, and refers them for removal proceedings. USICE is a subagency of

24  DHS.

25      Respondent Julie  L. Meyers is the Assistant Secretary of DHS for USICE and is the highest

26  ranking official of that subagency of DHS.

27

28                                         4

**IV**

Petitioner argued in the state court that his attorney at the time of the 1992 plea did not inform him that if he accepted the offer and the six year four month term that he would not longer be eligible for the rleif he was seeking in the immigration court. The state court judge determined that under current California law, petitioner could not seek relief though habeas corpus because under California law he did not satisfy the custody requirement, and he could not seek relief through coram nobis, as that writ was not available for claims of ineffective assistance of counsel. However, the judge noted that these issues of available rleif and custody were currently before the California Supreme Court, and this the denial was without prejudice to renew once the Court decides.

**V**

Petitioner has a Constitutional right to due process of law under the Fifth Amendment The actions of USICE, in removing petitioner before the appropriate state courts have resolved the issues which are likely to result in vacation of the 1992 conviction, violate these Constitutional guarantees.

**VI**

This Court is the appropriate court to file this writ as the relevant USICE office, which has authority over detainers and holds, is located in the Northen District of California in San Francisco.

**VII**

Habeas corpus  is the appropriate remedy and is in fact the only available remedy

Petitioner is without any other form of relief.

1  **WHEREFORE**, petitioner prays as follows:

2        1.)    That this Court grant the writ of habeas corpus, and compel respondents to stay the

3               deportation of petitioner until the California Supreme Court has decided the two cases

4               referred to in the denial of the writ in state court and if the Court rules in favor of

5               petitioner's arguments, the stay shall remain in effect until the state trial court decides a

6               renewed writ;

7        2.)    In the alternative, order respondents to show cause why the writ should not issue;

8        3.)    For such other relief as this court deems just and proper.

9  Dated: August 4, 2008 at San Francisco, CA

10                              Respectfully submitted,

11                          THE LAW OFFICES OF STEPHEN SHAIKEN

12                 By:         s/shaiken

13                           **VERIFICATION**

14       I, Stephen Shaiken, declare:

15       I am an attorney at law, duly admitted to practice before this court.  I am attorney of record for

16  petitioner. Petitioner resides outside of the county where I maintain my office, and has been incarcerated

17  since July 28, 2008 in a county outside the county where I maintain my offices  and for that reason, I

18  verify this petition on his behalf. I have reviewed the record below, the allegations and arguments herein

19  and believe them to be true.

20       I declare under penalty of perjury that the foregoing is true and correct.

21  Dated: August 4, 2008 at San Francisco, CA

22                          s/shaiken

23                       Stephen Shaiken, Esq.

6

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2          **A.    Statement of the Case**

3                  Petitioner is a forty three year old citizen and national of Honduras who immigrated to the United

4          States in 1966 as a lawful permanent resident. In 1988 he was convicted in the Superior Court of

5          California, Santa Clara County of one count of conspiracy, one count of possession for sale of

6          methamphetamine, one count of possession for dale of cocaine, and one count of  possession of a

7          throwing star. The convictions occurred after a jury trial.  Petitioner was sentenced  to five years and eight

8          months state prison, and he served approximately three years and two months from the date of his arrest.

9          After serving this sentence and being released, petitioner was arrested on this matter on April 7, 1992

10          He was charged with felony possession of methamphetamine for sale (HSC §11378), possession of

11         Pentobarbital (HSC §113770, cultivation of marijuana (HSC §11358) and was enhancements were

12         charged because of his prior drug conviction and prison priors. On June 30, 1992 he  plead no contest to

13         the methamphetamine and cultivation charges and admitted the priors  to six years and four months

14         served approximately half.  On July 31, 1992 he was sentenced to six years and four months in priors,

15         which included a three year enhancement for the drug prior. He served approximately half of this being

16         After being released from prison on this matter, petitioner was placed  into deportation proceedings by

17         the former Immigration and Naturalization Service (INS), whose functions have been assumed by United

18         States Immigration and Customs Enforcement (USICE) as of March 1, 2003. Petitioner  was deportable

19         because of his convictions.  (See Exhibit A, Order to Show Cause dated May 2, 1990) He was eligible

20         for relief under former section 212( c ) of the Immigration and Nationality Act (The Act) and he applied

21         for this relief. Former section 212( c ) allowed an immigration judge to waive deportability and

22         inadmissibility for these offenses if the alien applicant had been a lawful permanent resident for at least

23         seven years. However, an amendment to the Act in 1990 precluded relief for aliens who had served more

24         than five years in prison; the amendment required actual service of time. Petitioner  had served slightly

25         more than five years in prison, and thus the immigration judge terminated his application for relief and

26         ordered him deported. (See Exhibit B, order and decision of immigration judge, dated May 30, 2002) .

27         He appealed to the board of immigration Appeals, the review body in the immigration court system, and

28

                                                        7

1    on September 25, 2002, his appeal was denied. (See Exhibit C).  He then sought review before the United

2    States Court of Appeals for the Ninth Circuit, and on May 21, 2007,  the petition was denied (See Exhibit

3    D, decision of Court dated May 21, 2008).  He sought certiorari before the United States Supreme Court,

4    and on May 27,  2008, certiorari was denied. (See Exhibit E, docket sheet from Ninth Circuit showing

5    certiorari denied, and mandate of June 2, 2008, implementing the judgment and decision in Exhibit D).

6    He has been ordered to report for deportation on July 28, 2008 (see Exhibit F) and he has applied for a

7    stay or deportation while this petition is pending.

8          Petitioner raised numerous legal arguments before the immigration judge and the Board of

9    Immigration Appeals, and later before the United States Court of Appeals for the Ninth Circuit and the

10   United States Supreme Court.  His legal arguments, advanced by experienced immigration lawyers, not

11   criminal lawyers, included arguing that the amendments could not be applied retroactively to include

12   convictions before 1990, that the five years served in prison did not include time imposed for

13   enhancements for priors, and only included time served on an actual offense .

14         Petitioner was unsuccessful in these legal arguments and after his petition for writ of certiorari

15   was denied in May of this year, his immigration lawyers suggested that he seek the assistance of criminal

16   lawyers to see if there was anything he could do to overturn his conviction. Petitioner then contacted trial

17   counsel from his 1988 case, who referred him to current counsel because current counsel is experienced

18   in the immigration consequences of criminal convictions.

19         On July 30, 2008, the trial court denied the petition for writ of error coram nobis. The court noted

20   that the question of whether an immigration hold constituted custody for state habeas was before the

21   California Supreme Court, as was the question of whether, in the absence of habeas availability, coram

22   nobis was available to allege ineffective assistance of counsel claims in immigration consequences cases.

23         Petitioner was ordered to appear for deportation on July 28, 2008. He did so, was taken into

24   custody and has been in ICE custody since.

25         On August 4, 2008, Petitioner was brought to ICE offices in San Francisco, in all likelihood to

26   be deported this evening.

27         ICE has denied a stay of deportation request.

28                                                    8

1      **B.      Relevant Immigration Law**

2          An alien who has been convicted of any controlled substance offense is inadmissible to the U.S.

3  and is removable or deportable. This law is not at all in dispute.. However, under former §212 ( c ) of the

4  Act, an alien could seek a waiver of these grounds of inadmissability or deportation if at the time of the

5  application, the alien had been a lawful permanent resident for at least seven years. Petitioner clearly

6  satisfied that requirement. On November 29, 1990, a series of changes to the Act, referred to as IMMACT

7  90, amended §212 ( c ) to exclude aliens who had served a total of more than five years in prison, whether

8  for the same or for aggregate convictions.

9      **C.      Relevant Law on Habeas Jurisdiction in the District Court**

10         Under the REAL ID Act, habeas was eliminated and all questions of law may be considered by

11  the circuit courts. The intent of the REAL ID Act was to prevent habeas from being used as an alternative

12  to a petition for review where there were statutory bars to petitions for review. Such is not the case here,

13  as the petition for review process envisons a review from the decision of the immigration court system,

14  and in this case, it is not the decision of the IJ or BIA which is at issue.

15         The bars to seeking review of an order based on criminal convictions or of a removal per

16  deportation order itself [sections 242(a)(2)C) and (d)(a)(2) are not applicable as here what is sough is the

17  deportation before the state courts have an opportunity to adjudicate his motion to vacate, which, it

18  granted, would enable him to pursue his 212( c ) application.

19         The bar to review of removal orders found in section 242(g) of the Act does not apply where there

20  are legal or constitutional issues. United states v. Hovespian, 359 F.3d 1144 (9th cir. 2004). The Ninth

21  circuit has held that the bar of 242(g) does not preclude review of decisions to remove or deport where

22  there are constitutional or statutory issues present.

23         Here, petitioner does not challenge the order or the authority of the government to carry out

24  orders; he argues that this authority is subject to limitations where constitutional rights such as due

25  process are at issue, and that the REAL ID Act and the various jurisdiction stripping statutes

26  notwithstanding, where an alien such as petitioner has a constitutional claim and has no other vehicle for

27  review, and his claim does not seek to accomplish what the statutes specifically bar, habeas is available,

28
                                              9

1    **D.    Attachments Relevant to Writ**

2        Exhibit A is the Order of the Immigration Judge, dated February 23, 2996, terminating the 212

3    ( c ) application and ordering petitioner removed;

4        Exhibit B is the decision of the board of Immigration appeals, dated September 25, 2002, denying

5    his appal from the decision of the immigration judge;

6        Exhibit C is the decision of the United States Court of Appeals for the Ninth Circuit, dated may

7    21, 2007, denying a petition for review;

8        Exhibit D is the issuance of mandate by the Ninth circuit on June 2, 2008, and the docket entry

9    noting that the U.S. Supreme Court had denied certiorari;

10

11

12                                **CONCLUSION**

13        For the reasons set forth herein, the writ of habeas corpus should issue

14    Dated: August 4, 2008

15                                        Respectfully submitted,

16                                    THE LAW OFFICES OF STEPHEN SHAIKEN

17                By:                        s/shaiken

18

19                                        Stephen Shaiken, Esq.

20

21

22

23

24

25

26

27

28                            10